52 F.3d 326
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Kent G. SHULTZ, Plaintiff-Appellant,
v.
Kenneth L. McGINNIS; et al., Defendants-Appellees.
 No. 94-1767.
 United States Court of Appeals, Sixth Circuit.
 April 21, 1995.
 
 Before: MARTIN, RYAN, and GIBSON*, Circuit Judges.
 
 ORDER
 
 1
 Kent G. Shultz appeals a district court order denying his request for a preliminary injunction in Shultz's civil rights action filed under 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary, declaratory and injunctive relief, Shultz sued numerous Michigan correctional personnel in their individual and official capacities, alleging that the defendants transferred Shultz numerous times in retaliation for grievances and complaints filed by Shultz against the defendants. While his action was pending, Shultz moved the court for a preliminary injunction, prohibiting his transfer to another facility. The district court determined that Shultz's request was without merit and denied the motion. Shultz filed a timely appeal from this decision.
 
 
 3
 Upon review, we conclude that the district court properly denied Shultz's request for a preliminary injunction. This court reviews a district court's decision granting or denying a preliminary injunction for an abuse of discretion. Basicomputer Corp. v. Scott, 973 F.2d 507, 511 (6th Cir.1992). In deciding a request for a preliminary injunction, the district court must consider: (1) the likelihood that the party seeking the preliminary injunction will succeed on the merits of the claim; (2) whether the party seeking the injunction will suffer irreparable harm without the grant of the extraordinary relief; (3) the probability that granting the injunction will cause substantial harm to others; and (4) whether the public interest is advanced by the issuance of the injunction. Washington v. Reno, 35 F.3d 1093, 1099 (6th Cir.1994). These four considerations are factors to be balanced, not prerequisites that must be met. Id. After balancing these factors, the district court did not abuse its discretion in concluding that Shultz's request for a preliminary injunction should be denied.
 
 
 4
 Accordingly, we affirm the judgment for the reasons set forth in the district court's order filed on May 24, 1994. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable John R. Gibson, Circuit Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation